**The SUN RUBBER COMPANY, Plaintiff,**
v.
**MATTEL, INC., Defendant.**
**Civ. No. 63–1307.**

United States District Court
C. D. California.

Feb. 2, 1967.

Ashley Stewart Orr, of Kendrick, Subkow & Stolzy, Los Angeles, Cal., Everett R. Hamilton, of Hamilton & Cook, Akron, Ohio, Thomas F. Reddy, Jr., of Pennie, Edmonds, Morton, Taylor & Adams, New York City, for plaintiff.

Hamer H. Jamieson, of Herzig, Walsh & Blackham, Los Angeles, Cal., for defendant.

### MEMORANDUM OF DECISION AND ORDER

WILLIAM P. GRAY, District Judge.

This suit involves the alleged infringement and the validity of Patent No. 2,629,134, which is concerned with a method of manufacturing articles from vinyl resins. The matter presently before the Court is the defendant's motion for summary judgment. Both sides have briefed the issue concerned in such motion and have stipulated that the matter might be decided without oral argument.

The pertinent facts are contained in the following sequence of events:

(a) On June 27, 1950, the plaintiff's assignor filed an application for the patent herein concerned. The United States Commissioner of Patents thereupon issued a receipt for such application which contained a notice stating that a license was granted permitting the filing of cor-

responding applications for foreign patents not sooner than sixty days thereafter.

(b) On August 18, 1950 (fifty-one days after receiving the above mentioned license), the plaintiff, as assignee, filed an application for a Canadian patent.

(c) On February 24, 1953, the United States patent was granted.

(d) On October 25, 1963, this action was commenced, charging infringement of the patent by the defendant.

(e) Shortly before October 26, 1965, the plaintiff learned that its application for a Canadian patent had been prematurely filed, and on that date it petitioned the United States Commissioner of Patents to issue a retroactive license authorizing the Canadian filing.

(f) On the same day, October 26, 1965, the Commissioner issued the requested license, which retroactively authorized the Canadian filing as of August 16, 1950, two days before such filing was actually made.

The legal issue presented by the defendant's motion to dismiss involves the interpretation of 35 U.S.C. §§ 184 and 185. The defendant contends that because of the premature Canadian filing, section 185 renders the United States patent invalid as of the time it was issued, on February 24, 1953, and that nothing in section 184 gives the Commissioner the power retroactively to breathe life into a dead patent.

In urging such an interpretation, the defendant relies upon the District Court decision in Minnesota Mining and Manufacturing Co. v. Norton Company, 240 F. Supp. 150 (N.D.Ohio 1965). There, the relevant facts were substantially identical to those here concerned, and the defendant's motion for summary judgment was granted on the basis of the analysis that the defendant in this case now embraces.

However, an appeal was taken to the United States Court of Appeals, Sixth Circuit, and on September 13, 1966, the District Court decision was reversed (366 F.2d 238 (6th Cir. 1966)). The appellate opinion reasoned that, under section 184, a grant by the Commissioner of a retroactive license has the effect of placing the foreign application in its proper sequence of events; that such a grant saves the validity of a United States patent that would otherwise be destroyed by section 185; and that this may be accomplished after the United States patent has issued as well as before such issue.

In the meantime, District Judge Feinberg, in Barr Rubber Products Co. v. Sun Rubber Co., 253 F.Supp. 12 (S.D.N.Y. 1966), wrote an opinion in which he denied a motion for summary judgment in which the moving party challenged the validity of the very patent here concerned and for the same reasons as are now advanced by the present defendant. In the course of his careful analysis of the facts and the law, Judge Feinberg discussed the District Court opinion in Minnesota Mining (240 F.Supp. 150 (N.D. Ohio 1965)), pointed out that it was contrary to the several other reported cases, and rejected its analysis of sections 184 and 185 in a manner that substantially anticipated the hereinabove mentioned reasoning of the Sixth Circuit (366 F.2d 238 (6th Cir. 1966)).

I agree with the opinion of the Sixth Circuit in *Minnesota Mining* and with the above mentioned opinion by Judge Feinberg; they dispose of each of the arguments raised by the present defendant in support of its motion; and, accordingly, the defendant's motion for summary judgment is hereby denied.

The defendant has requested that, in the event of an adverse ruling on its motion, an appeal be certified under 28 U.S. C. § 1292(b). Under identical circumstances, Judge Feinberg responded in a manner that is here adopted as a very felicitous way of expressing my own conclusion: "I have carefully considered that section and am not of the opinion that all of the requirements for certification are met." (253 F.Supp. 12, 23.)

Pursuant to stipulation, the Clerk is directed to calendar for Monday, February 13, 1967, at 10:00 a. m. the matter of fixing a date for the pre-trial of this case.